JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian G. Holtkamp,<br><br>                                        **PLAINTIFF(S)**<br>v. | **CASE NUMBER**<br><br>8:24-cv-01058-JWH-ADS |
| Mozilla Foundation, et al.,<br><br>                                        **DEFENDANT(S)** | **ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
    ☒ The action is frivolous or malicious.
    ☒ The action fails to state a claim upon which relief may be granted.
    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| May 17, 2024 | John W. Holcomb *(signature)* |
| Date | United States District Judge |

CV-73 (07/22)           ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On May 15, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff labels the case as an action for "Patent Infringement." (ECF No. 1 at 1.) Defendant allegedly "has taken away all access to the internet, including the public library" and "shuts down and crashes all personal devices and PC." (Id. at 2.) Defendant also allegedly "merged [Plaintiff's] source code with [his] father[']s] source code, so [Defendant] could continue controlling [Plaintiff] and crashing [his] devices and taking away all internet access." (Id. at 3.) As a result, Plaintiff allegedly cannot look for work, and four years of his life have been taken. (Id.) Defendant allegedly "block[ed] HR department links, corrupt[ed] [Plaintiff's] devices, then shut them down. This is all a game to them." (Id.) Plaintiff seeks access to the internet and damages. (Id. at 4-5.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As explained below, the Complaint is dismissed without leave to amend.

First, the Complaint is frivolous because it is duplicative of a Complaint that previously was dismissed as frivolous. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (complaint is frivolous if it repeats previously litigated claims). The Court dismissed a highly similar Complaint in Case No. 8:24-cv-00850-CJC-ADS.

Second, the Complaint is factually frivolous. When read together, Plaintiff's allegations of a years-long scheme to control and block his devices, as part of "a game," are "clearly baseless" or "fanciful." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In that circumstance, the Court may "pierce the veil of the complaint's factual allegations" and "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Id. at 32; see also Bator v. State of Hawai'i, 39 F.3d 1021, 1026 (9th Cir 1994) ("Denton is an exception to the general rule that a district court must accept factual allegations as true."). Here, "a finding of factual frivolousness is appropriate [because] the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33.

Third, the Complaint fails to state a claim on which relief may be granted. Although Plaintiff labels this case as a "patent infringement" action, the Court is not bound by that characterization. "[W]e look beyond [the complaint's] characterization to the conduct on which the claim is based." Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1203-04 (9th Cir. 2003) (citation omitted). The allegations of conduct on which the claim is based are frivolous and do not suggest patent infringement or any other legal theory that would be cognizable in federal court.

Finally, given these deficiencies, leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (amendment was futile where there was no cause of action); Huffman v. Smith, 172 F.2d 129, 130 (9th Cir. 1949) (explaining that the in forma pauperis statute permits a federal court to refuse commencement of an action "if it appear that the applicant has no cause of action"). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice.

*(attach additional pages if necessary)*